IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CLAUDE J. OLIVER, #1493123,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 3:15-CV-1091-B-BK |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,**[1] | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge. For the reasons that follow, it is recommended that the petition be **DENIED**.

**I. BACKGROUND**

In 2007, Petitioner entered an open plea of guilty to aggravated robbery and a plea of true to the enhancement paragraphs, and was sentenced to 45 years' imprisonment. *State v. Oliver*, No. F07-55378 (194th Jud. Distr. Ct, Dallas County, 2007); Doc. 22-23 at 78. The trial court denied Petitioner's motion for new trial following a hearing and the court of appeals, thereafter, affirmed his conviction. *Oliver v. State*, No. 05-09-00134-CR, 2010 WL 2347035 (Tex. App.—Dallas, 2010, pet. ref'd).[2] The Texas Court of Criminal Appeals subsequently denied state

---

[1] In May 2016, Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, Davis was "automatically substituted as a party."

[2] The petition for discretionary review (PDR) was refused in 2014 after Texas Court of Criminal Appeals granted Petitioner's first state habeas writ and found he was entitled to an out-of-time PDR. *Ex parte Oliver*, No. 78,032-01, Doc. 22-7 (Tex. Crim. App. Aug. 21, 2013).

habeas relief. *See Ex parte Oliver*, No. 78,032-02, Doc. 22-21 (Tex. Crim. App. 2014) (denial without written order on the trial court's findings without a hearing).³

In his timely federal petition, Petitioner asserts his guilty plea was involuntary, counsel rendered ineffective assistance, and the trial judge erred in failing to recuse himself. Doc. 10 at 6-7. Respondent argues the claims lack merit. Doc. 23. Petitioner has filed a reply. Doc. 24.

## II. ANALYSIS

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," as the decision of the state court is reviewed under a highly deferential standard" and afforded the "benefit of the doubt." *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).

A. <u>Voluntariness of Guilty Plea</u> (Claim 1)

Petitioner asserts his guilty plea was involuntary. Doc. 10 at 6. Specifically, he claims that defense counsel gave him "erroneous advice" that "he would receive drug treatment and probation," if he entered an "open" guilty plea, which "induced" him to "enter an involuntary

---

³ The state habeas court record is available at Doc. 22-23, the clerk's record is available at Doc. 21-1, and the reporter's record is available at Doc. 21-6 through Doc. 21-8.

plea." *Id.* He avers that it was "because he needed help for his drug addiction (and not because he was guilty of the alleged offense)," that he agreed to enter an open plea of guilty. *Id.* Petitioner complains that the trial judge, "did not grant the promised drug treatment, and instead sentenced the Petitioner to 45 years' confinement." *Id.*

In the brief in support of his habeas petition, Petitioner argues that counsel's recommendation to plead guilty in order to receive probation was also legally unsound.

> Petitioner's plea was based on the promise of receiving probation and drug rehabilitation, a goal that was prohibited under Texas Code of Criminal Procedure, Article 42.12(3)(g). Therefore, since counsel's related information was faulty, and Petitioner's expectation was impossible, Petitioner's plea was not intelligent and knowing.
>
> * * *
>
> Because he was prevented, by specific statute, from receiving probation, [Petitioner's] entire reason for pleading guilty was based on an impossibility that could have been clarified by due diligence of Counsel.

Doc. 4 at 4-5.

The court of appeals rejected Petitioner's contentions that he received ineffective assistance of counsel and that his guilty plea was not entered knowingly or intelligently:

> To begin, although appellant was not eligible for regular probation due to the nature of his crime, he was eligible for deferred adjudication probation. *Compare* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g (Vernon Supp. 2009) *with* Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (Vernon Supp. 2009). His one chance to receive probation for the offense was to enter a plea of guilty with the trial court and hope to receive deferred adjudication probation. The clerk's record indicates that was, in fact, the punishment he was seeking. Accordingly, appellant's trial lawyer did not incorrectly advise appellant about his eligibility for probation in the case.
>
> Next, with respect to appellant's other complaints, the trial court determined that appellant failed to meet his burden of proving ineffective assistance, and appellant does not challenge the trial court's ruling on appeal. This determination, deciding a mixed question of law and fact, required the trial court to evaluate the credibility and demeanor of the witnesses. Accordingly, we must afford almost total deference to the trial court's conclusion that appellant did not receive ineffective assistance of counsel. *See Kober v. State,* 988 S.W.2d 230, 233 (Tex. Crim. App. 1999). We

> conclude appellant has failed to prove he received ineffective assistance under the *Strickland* standard. We overrule his first point of error.
>
> In his second point of error, appellant complains that he did not enter his guilty plea knowingly or intelligently because his trial attorney failed to inform him he was ineligible for the punishment he was seeking – probation with drug treatment. As discussed above, because he entered a guilty plea with the trial court, he was eligible for deferred adjudication probation, despite the violent nature of his offense. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5. Accordingly, his argument is without merit.

*Oliver v. State*, 2010 WL 2347035, *2 (Tex. App. – Dallas, 2010).

The state habeas judge (who was also the trial judge) refused the same claims on state

habeas review:

> 2. This Court finds that Matthew Arnold [Petitioner's defense counsel] responded to Applicant's allegations during the hearing on the motion for new trial conducted on February 22, 2008 and February 27, 2008. Arnold is known to this Court and this Court finds him to be trustworthy.
>
> 3. This Court finds that Applicant's trial counsel testified at the hearing on the motion for new trial that he advised Applicant to accept the State's plea offer of ten years but Applicant insisted on entering an open plea in an effort to be given probation and drug treatment. (RR3: 5-7).
>
> 4. This Court finds that counsel fully advised Applicant regarding the possibility of receiving deferred adjudication probation or being sent to prison as a result of entering an open plea of guilty. (RR3: 13, 17-21).
>
> 5. This Court finds that Applicant raised these issues on direct appeal and they were rejected on their merits by the Dallas Court of Appeals.
>
> * * *
>
> 8. The Court further finds that Applicant has failed to prove by a preponderance of the evidence that trial counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's errors. *Strickland v. Washington,* 466 U.S. 668, 689 (1984); *Bone v. State,* 77 S.W.3d 828, 834 (Tex. Crim. App. 2002).  Accordingly, the Court concludes again that Applicant was not denied the effective assistance of counsel at trial.

Doc. 22-23 at 59-60.

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). A guilty plea is knowing, voluntary, and intelligent if it is made with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 749-750 (1970). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review." *Deville v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994) (quotation and quoted case omitted).

Here, as reflected in the state court record, Petitioner was adequately informed of the nature of the charge against him, and the consequences of his guilty plea including the applicable range of punishment. The plea agreement, which he signed, noted that his guilty plea was "open as to deferred adjudication" and included written admonishments regarding the range of punishment and waiver of constitutional rights associated with a trial. Doc. 22-23 at 76-77. At the plea hearing, Petitioner acknowledged that he understood the nature of the charge and the full range of punishment, and that he had an absolute right to a jury trial. Doc. 21-6 at 5-6, *Plea Hr'g Tr.* In addition, Petitioner judicially confessed his guilt of the aggravated robbery charge and admitted that his guilty plea and judicial confession were voluntarily. Doc. 22-23 at 77, *Plea Agreement*; Doc. 22-23 at 74, *Judicial Confession*; Doc. 21-6 at 5-6, *Plea Hr'g Tr.* Notably, at the plea hearing Petitioner assured the judge that no one had made any promises or otherwise coerced him into pleading guilty. Doc. 21-6 at 6. Petitioner also acknowledged that upon his open plea to the court, the judge could refuse to grant probation and instead sentence him to a minimum prison term of 25 years – much greater than the ten-year prison term in the plea offer that defense counsel had urged him to accept and Petitioner repeatedly rejected. Doc. 21-6 at 25.

These official court records "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081-1082 (5th Cir. 1985) (citations omitted). Likewise "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283-284 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."). Consequently, Petitioner's conclusory assertions in his federal pleadings are insufficient to rebut the presumption that his plea of guilty was voluntary and intelligent. *See* 28 U.S.C. § 2254(e)(1) ("determination of a factual issue by a state court shall be presumed correct" unless rebutted "by clear and convincing evidence"). Moreover, contrary to his assertions, defense counsel correctly advised Petitioner that he was eligible for probation and drug treatment on an open plea before the judge. *See* Discussion of Claim 2 *infra*. Hence, Petitioner has failed to establish that his guilty plea was rendered involuntary as a result of counsel's ineffective assistance.

Accordingly, Petitioner has not shown that the state court's decision rejecting his claim was an unreasonable application of clearly established federal law. His first claim, therefore, fails.

B.  Ineffective Assistance of Counsel (Claim 2)

The Court reviews ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687; *see also Premo v. Moore,* 562 U.S. 115, 125 (2011) (strict adherence to *Strickland* standard is very important in guilty-plea cases). The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. To establish prejudice in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Consequently, the petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Petitioner asserts counsel rendered ineffective assistance when he failed to investigate whether Petitioner was eligible for regular probation in light of the aggravated robbery charge. Doc. 10 at 6; Doc. 4 at 9. He alleges that he "did not request, nor was he promised deferred adjudication probation," and that he "had no desire to subject himself to the possibility of a future pronouncement of a [sic] untried sentence" in the event of deferred adjudication probation. Doc. 4 at 9-10. Petitioner, thus, maintains that "[h]ad Counsel performed a full investigation he would have been informed of the revelant [sic] facts and would not have advised the Petitioner to enter into an open plea when Petitioner's goal was to receive regular probation." *Id.*

In his reply (which is neither signed nor sworn under penalty of perjury), Petitioner asserts for the first time that counsel rendered ineffective assistance when he utilized the "wrong language" – probation instead of deferred adjudication probation -- during the plea proceedings. Doc. 24 at 2. He states that "'probation' is not one and the same as 'deferred adjudicated probation,' when making an open plea on 3g offenses," and that counsel should have been required to use the correct terminology. *Id.*

Even when liberally construed, Petitioner's pleadings fail to show that counsel's representation during the guilty plea proceedings was deficient or that it prejudiced him. *Strickland*, 466 U.S. 668, 687. Petitioner has provided nothing more than conclusory allegations to support his claim that defense counsel was deficient in failing to investigate adequately his eligibility for probation. In fact, although he was ineligible for regular or so-called "straight" probation due to the nature of his crime (aggravated robbery), Petitioner remained eligible for deferred adjudication probation. *Oliver v. State*, 2010 WL 2347035, *2 (Tex. App. – Dallas, 2010). Also, the plea papers clearly reflected that the punishment Petitioner sought to receive was in fact deferred adjudication probation. *Id.* at *2; Doc. 22-23 at 76. Moreover, Petitioner's does not allege any fact to show that counsel's usage of the generic term probation, instead of the more specific words regular or deferred adjudication probation, caused his performance to fall below an objective level of reasonableness. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value.").

Additionally, with respect to the prejudice prong, Petitioner has wholly failed to allege, much less show, that but for counsel's alleged deficiencies, he would not have entered an open plea and would have insisted on proceeding to trial. *Hill*, 474 U.S. at 59. Indeed, as reflected in

the state court record, Petitioner was adamant about his desire to enter an open plea with the hope for probation and drug treatment despite his extensive criminal history, the slim chance of obtaining probation, and counsel's persistent urging that he accept the State's ten-year plea offer. *See Oliver*, 2010 WL 2347035, *1; Doc. 21-6 at 5-7, 25-26 (*Plea Hr'g Tr.*); Doc. 21-7 at 6-7, 13, 19-20 (*Mot. for New Trial Hr'g Tr.*).  Since, based on the offense charged, only the trial judge, and not a jury, could impose a sentence of probation, Petitioner's belated assertion in support of his habeas petition that he did not desire to receive deferred adjudication probation and would have proceeded to trial instead is plainly self-serving and conclusory.

Based on the foregoing, Petitioner cannot overcome the strong presumption that he received effective assistance of counsel during the plea proceedings.  The state court's denial of relief on this ground was a reasonable application of federal law.  Thus, Petitioner's second claim has no merit.

    C.  <u>Trial Judge's Failure to Recuse</u> (Claim 3)

Lastly, Petitioner asserts "[t]he trial judge failed in his duty to recuse himself after it was revealed that he had served as counsel for Petitioner on 2 enhancement convictions." Doc. 10 at 7.  Because he did not recognize this until the hearing on the motion new trial, Petitioner claims in his reply that he "did not waive the conflict" by failing to object to the assigned judge before trial as Respondent argues in her responsive pleading.  Doc. 24 at 1; Doc. 23 at 19-20.

The state habeas judge rejected Petitioner's claim.

> 9. This Court finds that, prior to taking the bench, I acted as defense counsel to Applicant in two previous cases which were subsequently used to enhance the range of punishment in the instant case.
>
> 10. This Court notes that acting as defense counsel in previous cases does not disqualify a judge from presiding over a subsequent case involving the same defendant even when the prior convictions are used to enhance the subsequent case. *Hathorne v. State*, 459 S.W.2d 826, 833 (Tex. Crim. App. 1970).

>   11. This Court finds that there was no objection made to my presiding over the instant case.
>
>   12. This Court finds that Applicant's claim that I should have recused myself due to my prior representation of him has no merit and should be denied.

Doc. 22-23 at 60-61.

Notwithstanding the procedural default, Petitioner's claim is meritless. To the extent he claims state law was not followed, violations of state law alone do not provide grounds for federal habeas relief. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). Federal habeas relief is available only for the vindication of rights existing under federal law. *Id.* In any event, this Court must defer to the state courts' interpretation of its own laws. *See Charles v. Thaler,* 629 F.3d 494, 500-501 (5th Cir. 2011) ("A federal court lacks authority to rule that a state court incorrectly interpreted its own law. When, as here, a state court's legal conclusions are affirmed by the highest court in that state, those conclusions *are* state law."); *Schaetzle v. Cockrell,* 343 F.3d 440, 449 (5th Cir. 2003) ("'It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law. . . .'" (quoted case omitted)).

Accordingly, the state court's determination was neither contrary to, nor involved an unreasonable application, of clearly established federal law. The third claim, therefore, fails.

### Evidentiary Hearing Not Required

Petitioner requests an evidentiary hearing to present his claims and "sustain his burden of proof." Doc. 4 at 2-3. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns

only claims under section 2254(d)(1) that were adjudicated on the merits in state court. Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Accordingly, he is not entitled to an evidentiary hearing.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

**SIGNED** November 1, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE